UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

CHIMENE JOSEPH,

                          Plaintiff,

              -against-

THE CITY OF NEW YORK, P.O. JOZSEF TASS, Shield No. 28671, Individually and in his Official Capacity, and Police Officers "JOHN DOE" 1-2, Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known,

                          Defendants.
-------------------------------------------------------------------

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, CHIMENE JOSEPH, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b),

in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, CHIMENE JOSEPH, is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendant police officers were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about September 14, 2014, at approximately 5:40 a.m., plaintiff CHIMENE JOSEPH, was lawfully present in her home at 1141 East 229 Drive North, Bronx, New York.

14. At that time and place, defendant officers streamed into the apartment with their guns drawn.

15. The defendant officers immediately handcuffed plaintiff's arms tightly behind her back.

16. At no time on September 14, 2014 did plaintiff commit any crime or violation of law.

17. At no time on September 14, 2014 did defendants possess probable cause to arrest plaintiff.

18. At no time on September 14, 2014 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

19. Defendants thereafter transported plaintiff to a nearby police precinct.

20. In connection with plaintiff's arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Bronx County District Attorney's Office.

21. As a result of the defendants' conduct, the plaintiff was charged with one several counts relating to Criminal Possession of a Controlled Substance and Marijana.

22. As a direct result of her unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately twenty hours in custody.

23. Despite defendants' actions, the charges against plaintiff was dismissed in their entirety on September 19, 2014.

24. As a result of the foregoing, plaintiff CHIMENE JOSEPH sustained, *inter alia*, , mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

25. As a result of the foregoing, plaintiff CHIMENE JOSEPH was suspended without pay from her job and was threatened with expulsion from her home.

26. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

27. All of the aforementioned acts deprived plaintiff, CHIMENE JOSEPH, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

32. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

33. As a result of the foregoing, plaintiff's liberty was restricted, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF FOR
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

34. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

35. Defendants misrepresented and falsified evidence before the Bronx County District Attorney.

36. Defendants did not make a complete and full statement of facts to the District Attorney.

37. Defendants withheld exculpatory evidence from the District Attorney.

38. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff, CHIMENE JOSEPH.

39. Defendants lacked probable cause to initiate criminal proceedings against plaintiff, CHIMENE JOSEPH.

40. Defendants acted with malice in initiating criminal proceedings against plaintiff, CHIMENE JOSEPH.

41. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff, CHIMENE JOSEPH.

42. Defendants lacked probable cause to continue criminal proceedings against plaintiff, CHIMENE JOSEPH.

43. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

44. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on or about September 19, 2014 when the charges against her were dismissed.

45. As a result of the foregoing, plaintiff's liberty was restricted, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### THIRD CLAIM FOR RELIEF
### FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

46. Plaintiff, CHIMENE JOSEPH, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

47. Defendants arrested and incarcerated plaintiff, CHIMENE JOSEPH, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate her constitutional rights.

48. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

49. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

50. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue

        a predetermined number of summonses within a predetermined time frame;

   iii.    failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv.    failing to properly train police officers in the requirements of the United States Constitution.

51.    The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

   i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   ii.    arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

   iii.    falsifying evidence and testimony to support those arrests;

   iv.    falsifying evidence and testimony to cover up police misconduct.

52.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, CHIMENE JOSEPH.

53.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

54.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

55.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was incarcerated unlawfully.

56. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

57. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

58. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
October 14, 2014

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By:   MATTHEW SHROYER (MS-6041)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020

Docket No.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHIMENE JOSEPH,

                                                 Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. JOZSEF TASS, Shield No. 28671, Individually and in his Official Capacity, and Police Officers "JOHN DOE" 1-2, Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known,

                                                 Defendants.

## SUMMONS AND COMPLAINT

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Attorneys for Plaintiff*
**80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020**

TO:    The City of New York
        c/o New York City Law Dept
        100 Church Street
        New York, New York 10007

        P.O. Jozsef Tass, Shield No. 28671
        New York City Police Department-47th Precinct
        4111 Laconia Avenue
        Bronx, New York 10466

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

                                                          Matthew Shroyer